

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

DAMINIAN D. BOWMAN,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

**ORDER**

15-CV-6580

Currently pending before the Court are the parties' competing Motions for Judgment on the Pleadings. (Docket ## 12, 13). On November 1, 2016, a hearing was held and arguments were heard from the parties' attorneys. For the reasons set forth on the record at the conclusion of the hearing, this matter is remanded for further proceedings.

The Court finds that the ALJ erred by determining the that the opinion of a non-examining medical source "to be highly convincing" when such opinion was contradicted by substantial evidence obtained from examining doctors, hospital records, mental health treatment providers and plaintiff's own testimony. "In the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." Velazquez v. Barnhart, 518 F.

1

Supp. 2d 520, 524 (W.D.N.Y. 2007)(remand required where ALJ credited a psychiatric opinion "based on a review of a cold, medical record"). See Vargas v. Sullivan, 898 F.2d 293, 295 (2d Cir. 1990)("The general rule is that the written reports of medical advisors who have not personally examined the claimant deserve little weight in the overall evaluation of disability.") (internal citations omitted); Rodriguez v. Astrue, No. 07CIV.534 WHPMHD, 2009 WL 637154, at *25 (S.D.N.Y. Mar. 9, 2009)("[A] doctor who has direct contact with a claimant—even as an examining doctor—is likely to have a better grasp of her condition than someone who has never seen the claimant."); Filocomo v. Chater, 944 F.Supp. 165, 170 n. 4 (E.D.N.Y.1996) ("[T]he conclusions of a physician who merely reviews a medical file and performs no examination are entitled to little, if any, weight.").

The Court also finds that the ALJ erred in failing to obtain relevant medical records documenting plaintiff's mental health hospitalizations and treatment. The AJL found that there were "significant gaps in the claimant's history of treatment", yet the existing record also reflects notations, references to insurance records and other information which confirms the existence of psychiatric hospitalizations and mental health treatment that should have been requested and obtained. "[I]t is

the ALJ's duty to develop the record and resolve any known ambiguities, and that duty is enhanced when the disability in question is a psychiatric impairment." <u>Camilo v. Comm'r of the Soc. Sec. Admin.</u>, No. 11 CIV. 1345 DAB MHD, 2013 WL 5692435, at *22 (S.D.N.Y. Oct. 2, 2013). This heightened duty in cases involving psychiatric impairments has been discussed in numerous cases in the Second Circuit and elsewhere. <u>Gabrielsen v. Colvin</u>, No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4 (S.D.N.Y. July 30, 2015)(collecting cases). Failure to meet this duty requires remand to allow full development of an adequate record. <u>Id</u>.

For the foregoing reasons, this case must be remanded for further administrative proceedings consistent with this opinion pursuant to 42 U.S.C. § 405(g).

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge


Dated: November 7, 2016
Rochester, New York